UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM ADKINS, individually
and as a shareholder suing in the
right of W. BABYLON CHEVROLET-GEO,
INC., d/b/a PALANKER CHEVROLET, a
Delaware corporation,

                Plaintiff,         <u>MEMORANDUM & ORDER</u>
                                           03-CV-3613(JS)(ARL)

     -against-

GENERAL MOTERS CORP., GENERAL
MOTORS ACCEPTANCE CORP., TIMOTHY
RINKE and PAUL FIELDS,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Angela Sherrill, Esq.
                  Kendall Coffey, Esq.
                  Coffey & Wright, LLP
                  Grand Bay Plaza, Penthouse 2B
                  2665 South Bayshore Drive
                  Miami, FL 33133

                  Derek Sells, Esq.
                  Scheider, Kleinick, Wetiz, Damashek & Shoot
                  233 Broadway
                  New York, NY 10279-0003

                  Peggy Fisher, Esq.
                  Geller, Geller & Garfunkel, LLP
                  2411 Hollywood Blvd
                  Hollywood, FL 33020

                  Richard P. Burton, Esq.
                  Richard Burton & Associates, P.A.
                  18305 Biscayne Blvd., Ste 300
                  Miami, FL 33160

                  Norman A. Olch, Esq.
                  233 Broadway - Suite 705
                  New York, NY 1027

Paul A Marber, Esq.
The Cochran Firm
233 Broadway, 5th Floor
New York, NY 10279

Raymond L. Colon, Esq.
Law Office of Raymond L. Colon
233 Broadway, 5th Floor
New York, NY 10279

For Defendant
GMAC:                William B. Pollard, III, Esq.
                     David Thomas McTaggart, Esq.
                     Mark A. Platt, Esq.
                     Kornstein, Veisz, Wexler & Pollard LLP
                     757 Third Avenue
                     New York, NY 10017

                     James C. McGrath, Esq.
                     Bingham McCutchen LLP
                     One Federal Street
                     Boston, MA 02110-1726

SEYBERT, District Judge:

Pending before the Court is Defendant GMAC's motion for attorneys' fees and taxable costs. For the following reasons, GMAC's motion for attorneys' fees is DENIED, and its request for taxable costs is GRANTED IN PART.

<u>BACKGROUND</u>

The Court assumes familiarity with the facts and posture of this litigation, and only sets forth here facts sufficient to ground the discussion that follows. Briefly, Plaintiff sued GM, two GM employees (collectively, the "GM Defendants") and GMAC. GMAC's motion to dismiss was denied, but its motion for summary judgment was granted. Plaintiff moved

for reconsideration and, after additional discovery and briefing, that motion was denied. See July 6, 2004 Order. GMAC then moved to recover its attorneys' fees and costs from Plaintiff and Plaintiffs' attorneys on May 11, 2005. The Court referred GMAC's motion to Magistrate Judge Michael L. Orenstein for a Report and Recommendation.

GM, GMAC's co-defendant, lost at trial but eventually prevailed on appeal. It, too, requested its costs from Plaintiff as a prevailing party. On September 30, 2007, the Court denied GM's costs because it found that imposing costs on Plaintiff would be inequitable in light of Plaintiff's strained financial circumstances (the "September 2007 Order").

On April 8, 2008 (the "April 2008 Order"), the Court similarly found that taxing Plaintiff with GMAC's costs would be inequitable. The Court vacated its Order referring GMAC's motion for attorneys' fees and costs to Judge Orenstein and summarily denied GMAC's requests. April 2008 Order at 4. In its April 2008 Order, the Court did not address GMAC's request for attorneys' fees.

GMAC appealed, and on January 28, 2010 the Second Circuit vacated and remanded the April 2008 Order with directions that the Court (1) address GMAC's attorneys' fees argument and (2) articulate more clearly its reasons for denying

GMAC its taxable costs.  Second Circuit January 29, 2010 Mandate
at 3-4 (the "Mandate").

DISCUSSION

GMAC seeks to recover its fees and costs from both
Plaintiff and Plaintiffs' attorneys pursuant to Section 1927 and
the Court's inherent power to sanction frivolous litigation.  It
also seeks its taxable costs from Plaintiff as the prevailing
party under Federal Rule of Civil Procedure 54.

I. Frivolous Litigation

GMAC has not shown that it is entitled to attorneys'
fees under either the Court's inherent power or Section 1927.

A. Legal Standard

1. The Court's Inherent Power

The Court may sanction parties and their attorneys for
bad faith conduct pursuant to its inherent authority "to manage
[its] own affairs so as to achieve the orderly and expeditious
disposition of cases."  Revson v. Cinque & Cinque, P.C., 78 (2d
Cir. 2000) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43,
111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).  Sanctions under this
power may be appropriate where "here the party or the attorney
has acted in bad faith, vexatiously, wantonly, or for oppressive
reasons."  Id. (quotations omitted).

> "An award of sanctions under the court's
> inherent power requires both clear evidence
> that the challenged actions are entirely

> without color, and [are taken] for reasons
> of harassment or delay or for other improper
> purposes[,] and a high degree of specificity
> in the factual findings of [the] lower
> courts. A claim is colorable when it has
> some legal and factual support, considered
> in light of the reasonable beliefs of the
> individual making the claim."

Id. (internal quotations and citations omitted).

### 2. Section 1927

In addition to its inherent power, the Court may rely
on Section 1927 to sanction bad faith conduct, although this
provision applies only to attorneys, not their clients. Section
1927 states:

> Any attorney or other person admitted to
> conduct cases in any court of the United
> States or any Territory thereof who so
> multiplies the proceedings in any case
> unreasonably and vexatiously may be required
> by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees
> reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts in this circuit construe the statute
"narrowly and with great caution, so as not to stifle the
enthusiasm or chill the creativity that is the very lifeblood of
the law." Romeo v. Sherry, 308 F. Supp. 2d 128, 148 (E.D.N.Y.
2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985)
(internal citations omitted)). The purpose of the statute is to
deter dilatory tactics, unnecessary delays in litigation, and
bad faith conduct by attorneys. Id. (citing United States v.
Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of

Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors
P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978
(E.D.N.Y. 1994); and Herrera v. Scully, 143 F.R.D. 545, 551-552
(S.D.N.Y. 1992)).   Unlike the objective standard of Rule 11,
Section 1927 "requires a clear showing of bad faith[.]"  Novelty
Textile Mills, Inc. v. Stern, 136 F.R.D. 63, 72-73 (S.D.N.Y.
1991); see also Int'l Bhd. of Teamsters, 948 F.2d at 1345 ("Bad
faith is the touchstone of an award under this statute.");
Hudson Motors, 845 F. Supp. at 978 (holding that "[w]ithout a
demonstration of bad faith on the part of the attorney in
question, sanctions pursuant to this statute are
inappropriate.").

    B. Plaintiff and his Attorneys did not act in Bad Faith

       GMAC argues that Plaintiff and his Attorneys brought
this case in bad faith because they knew or should have known
that the asserted claims were baseless.   It principally contends
that (1) documents belying many of Plaintiff's claims were in
Plaintiff's possession before and for a time after he filed
suit; (2) in refusing to dismiss Plaintiff's claim that GMAC
fraudulently induced Plaintiff to invest in the new dealership
by concealing the old dealership's unpaid tax liability, this
Court relied on Plaintiff's false allegation that he was
personally liable for the unpaid tax bill; (3) Plaintiff "knew"
that GMAC owed no fiduciary duty to the Dealership; and (4)

Plaintiff could not remember GMAC making any representations to him at the time of his investment. GMAC also contends that Plaintiff's and his Attorneys' sharp discovery practices merit sanctions. (See generally Docket Entry 381 at 4-5, 7, 11-15.)

The Court finds that this conduct is insufficiently egregious to warrant a conclusion that Plaintiff or his Attorneys litigated this case in bad faith. First, although the wholesale billing statements eventually proved to be fatal to Plaintiff's claims, it goes too far to say that because Plaintiff might have been able to review these documents beforehand, he necessarily brought this suit in bad faith. The billing statements were the subject of contentious discovery practice, and it is not entirely clear when or whether Plaintiff could have examined these documents before he filed the suit. (See Plaintiff's Opp. to GMAC's Costs, Docket Entry 407 at 6-7.) More to the point, though, is that Plaintiff may have believed in good faith that the wholesale billing statements did not tell the whole picture of the alleged fraud. Second, the Court did not rely on Plaintiff's allegation that he was personally liable for the tax obligations when it rejected GMAC's motion to dismiss Plaintiff's Amended Complaint, (see generally May 11, 2004 Order). Third, Plaintiff did not necessarily "know" GMAC did not owe him a fiduciary duty because such a duty can arise where a creditor exerts extraordinary control over the debtor,

notwithstanding a written agreement providing otherwise, (see June 8, 2004 Order at 3-4). Fourth, Plaintiff's inability to recall GMAC's alleged fraudulent representations is not proof of bad faith because Plaintiff and his counsel may have thought they could locate other evidence of Plaintiff's claim. Finally, although the Court is concerned by what it perceives as discourteousness among the advocates on both sides in this case (see, e.g., Docket Entry 407 at 3-4), it trusts that Magistrate Judge Orenstein dealt appropriately with any abuses and sees no reason to re-visit those issues by imposing sanctions.

Accordingly, GMAC is not entitled to an award of attorneys' fees.

II. Taxable Costs

Litigation costs, however, are a different matter. In its September 2007 Order, the Court found that taxing Defendant GM's costs, which totaled over $70,000, would pose an inequitable burden on Plaintiff. (See September 30 Order at 7.) That rationale was incorporated into the Court's April 2008 Order not to tax Plaintiff with GMAC's costs, which total just over $11,000. In its summary order, the Second Circuit directed the Court to articulate more clearly its reasons for denying GMAC's costs, "particularly . . . in view of the court's previous denial of GM and GMAC's request that Adkins post security partly on the grounds that defendants had failed to

show that Adkins was judgment proof, as Adkins "recently received a $100,000 settlement." Mandate at 3. In accordance with the Second Circuit's Order, the Court now re-examines GMAC's requests for costs and reconsiders its April 2008 Order.

The Court's September 2007 Order discussed the legal standard applicable to a prevailing party's request to tax costs. See September 2007 Order at 5-6. In particular, the Court recognized that although it has the discretion to deny costs to a prevailing party on the basis of financial hardship, the non-prevailing party must make a strong showing that he is entitled to that relief. See September 2007 Order at 6. When a court denies costs to a prevailing party, it must explain its reasons for doing so. See September Order at 5-6 (citing DLC Mgmt. Corp. v. Town of Hyde Park, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999)). The Court took at face value Plaintiff's proffered reasons for his strained financial circumstances, and it cited and relied on those reasons in its Order. See id. at 7. The Second Circuit has now directed the Court to articulate more clearly its reasons for denying costs. See Mandate at 3. The Court, however, is unable to do so because Plaintiff has not made a greater showing of his dire straits beyond the reasons the Court has already set forth in its now-vacated September 2007 decision. In particular, Plaintiff has not demonstrated with specificity why he is unable to pay GMAC's cost in light of

9

the $100,000 settlement.  Thus, the Court is constrained to award GMAC most of its claimed costs.

Accordingly, Plaintiff is directed to reimburse GMAC for all of the items in its proposed bill of costs except the expense associated with imaging the Buchanan hard drive.  It is not clear from GMAC's papers how the imagining of the hard drive was "used or received in evidence" such that it is a taxable cost as an exemplification or copy necessary for use in the case.  See Local Civil Rule 54.1(5); Docket Entry 382 at 1 (GMAC's proposed bill of costs); see also Docket Entry 411 at ¶ 12 (Pollard Affidavit).

CONCLUSION

For the foregoing reasons, GMAC's motion for attorneys' fees is DENIED and its request for taxable costs is GRANTED IN PART.  The Clerk of the Court is directed to enter judgment against Plaintiff in favor of GMAC for $9,133 and to mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    March 31, 2011
          Central Islip, New York